United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDGARDO MAURICIO IRAHETA-AYALA,

Defendant.

Case No. 26-mj-71139-MAG-1 (JSC)

**ORDER DENYING APPEAL OF MAGISTRATE JUDGE DETENTION ORDER**

Pending before the Court is Defendant's motion to revoke the order of detention. After reviewing the motion, the government's opposition, the pretrial services report, listening to the audio of the September 9, 2026 hearing before the magistrate judge, and having conducted a de novo review, the motion is DENIED. The government has met its burden of showing by a preponderance of the evidence that Mr. Iraheta-Ayala poses a serious risk he will flee. *See* 18 U.S.C. § 3142(f)(2)(A).

According to Defendant, a "serious risk" a defendant will flee means "a great risk—beyond average—that the defendant will intentionally and actively move within or outside the jurisdiction to avoid court proceeding or supervision." (Dkt. No. 14 at 4 (quoting *United States v. Rodriguez-Fuentes*, 2025 WL 711955, *2 (E.D. Ky. March 5, 2025).) The record supports a finding by a preponderance of evidence that Mr. Iraheta-Ayala poses such a risk—a risk beyond average. Indeed, he is currently subject to a bench warrant out of Monterey County for absconding from supervision; that is, avoiding supervision. He has a long criminal history, including a 2018 felony conviction for evading a pace officer, 16 misdemeanor convictions, and several custodial sentences for violations or revocations of state probation. He has no fixed address, except when he has been incarcerated, and no employment history. He has no community

or family support and, indeed, could not identify anyone to verify any of his statements to pretrial. And he has used at least 13 aliases. Further, he appears to currently suffer from a substance abuse disorder. For all these reasons, and those proffered by the government, the Court finds release to the Taylor Street half-way house is insufficient to mitigate his serious flight risk. In making this determination, the Court has given no consideration whatsoever to the alleged ICE hold.

Of course, given that Mr. Iraheta-Ayala is charged with a misdemeanor, his detention status must closely monitored and continuously reevaluated. But, on the present record, and in the present circumstances, Defendant's motion to revoke detention is DENIED.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: September 14, 2026

Jacqueline Scott Corley
JACQUELINE SCOTT CORLEY
United States District Judge